FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN 26 PM 1:28

U.S. DISTRICT COURT
N.D. OF ALABAMA

LONNIE J. MATHEWS,                }
                                  }
    Plaintiff,                    }
                                  }
v.                                }    CASE NO. CV-98-B-0198-S
                                  }
NORFOLK SOUTHERN RAILWAY          }
COMPANY,                          }
                                  }    **ENTERED**
    Defendant.                    }
                                       JAN 26 1999

## MEMORANDUM OPINION

    Currently before the court is the defendant's Motion for Summary Judgment. Plaintiff alleges that he was released from employment by defendant in violation the Americans With Disabilities Act of 1990 and Title VII. Upon consideration of the record, the relevant law, submissions of the parties, and the argument of counsel, the court is of the opinion that the defendant's motion is due to be granted.

### I. FACTUAL SUMMARY

    In October of 1996, plaintiff was working as a carman, inspecting and repairing train cars for Norfolk Southern Railway Company. (Pl.'s Dep. at 23). On October 27, 1996, plaintiff notified his supervisor C. W. Helms that he was going home early because his back was bothering him. (Pl.'s dep. at 38-39). Helms asked plaintiff if he hurt himself on the job and if he wanted to fill out an accident report, and plaintiff replied "no." (Pl.'s Dep. at 39). Thereafter, John Ivey called plaintiff and said he was going to set up a fitness-for-service physical. (Pl.s Dep. at 40-41).



On October 28, 1996, plaintiff was examined by Dr. G. E. Rudd of Carraway Occupational Medicine. (Aff. Mark Bishop ¶ 4). Plaintiff was required to provide a urine specimen for a drug screen as part of the examination, and his specimen tested positive for cocaine. (Prible Aff. ¶ 4; Pl.'s Dep. at 58). On October 29, 1996, the day after the examination and drug screen, plaintiff filed a Charge of Discrimination with the EEOC alleging that he was "laid off" from his job as a carman in violation of the ADA. Plaintiff has stated that his disability is his "back condition." (Pl.s Dep. at 45). Plaintiff's charge does not allege discrimination based upon race. (Pl.'s Dep. at 43-45).

Plaintiff was informed of the positive test results of his drug screen and was referred to the company's Drug and Alcohol Rehabilitation Services program ("DARS"). (Pl.'s Dep. at 62-63). Plaintiff does not dispute the test results and admits that he used cocaine the day before the test. (Pl.'s Dep. at 58). Defendant states that plaintiff was placed on "medical hold" from his job due to the positive cocaine drug screen, because company policy forbids the active employment of persons who use drugs that may impair sensory, mental, or physical functions. (Prible Aff. ¶ 4; Pl.'s Dep. at 12, 76-77). Plaintiff states he was removed from his job due to his complaining about his back hurting. (Pl.'s Br. Opp. Mot. Summ. J. 2).

Consistent with company policy, plaintiff was referred to the Norfolk Southern's DARS program for further evaluation. ((Pl.'s Dep. at 63-64). Plaintiff was evaluated, in accordance with the DARS guidelines, and was found to have a drug addiction problem. (Prible Aff. ¶ 4; Pl.'s Dep. at 73). As a prior DARS participant, plaintiff was also found to be in relapse. (Prible Aff. ¶ 4). As a result of the DARS evaluation and consistent with company policy, Dr. Prible referred plaintiff to rehabilitation. Plaintiff was aware that he was to complete all the

2

rehabilitation required by DARS and to thereafter provide a negative urine sample, in order to return to work. (Prible Aff. ¶ 5; Pl.'s Dep. at 63-64).

Plaintiff participated in the DARS program as required. (Roger Davis Aff.¶ 3). He completed a six-week outpatient program in January, 1997, but on February 14, 1997, he again tested positive for cocaine. (Pl.'s Dep., at 80-81). Plaintiff was warned about the consequences of his continued use of cocaine in violation of the rehabilitation program, and provided a negative urine specimen on May 21, 1997, and again on June 24, 1997. Plaintiff's DARS counselor advised that plaintiff was a good risk for job reinstatement, and plaintiff was scheduled for a return-to-work physical, urine drug screen, and breath alcohol test. (Prible Aff. ¶ 8).

Plaintiff participated in a return to work conference on July 11, 1997. (Pl.'s Dep. at 231-32). He had his physical and drug screen on July 14, 1997. (Prible Aff. ¶ 9; Pl.'s Dep. at 87). Plaintiff's drug specimen returned with a positive result for cocaine. (Prible Aff. ¶ 10). Plaintiff was told he had one more chance to cooperate with the DARS Program and complete rehabilitation before he would be dismissed from his job. (Pl.'s Dep. at 163). Plaintiff has still not completed all rehabilitation required by DARS and has not provided a valid, negative drug screen.[1] (Prible Aff. ¶ 12). At this time, plaintiff remains on "medical hold" pending his completion of DARS established rehabilitation requirements. (Prible Aff. ¶ 12).

On July 15, 1997, the Occupational Health Nurse sent plaintiff a letter noting concerns raised by Dr. Rudd about plaintiff's ability to tolerate the physical demands of his job in plaintiff's physical and requested further information regarding his back condition as part of the evaluation

---

[1] It should be noted that Plaintiff recently started to make a genuine effort towards rehabilitation, including in-patient treatment at Bradford Health Services. (Davis Aff. ¶ 7).

for his fitness to return to work, therefore plaintiff remained on "medical hold" pending further evaluation of his back. (Prible Aff. ¶ 9). Before further evaluation of plaintiff's back, his positive drug screen from July 14, 1997, was returned. (*Id.*).

## II. SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgement, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III. DISCUSSION

#### A. ADA

Plaintiff alleges that he was terminated from his employment in violation of the American With Disabilities Act. To establish a prima facie of discrimination in violation of the ADA, plaintiff must prove that (1) he has a disability, (2) he is a qualified individual, and (3) he was subjected to unlawful discrimination because of his disability. *Crumpton v. St. Vincent's Hospital*, 963 F. Supp 1104, 1112 (N.D. Ala 1997)(quoting *Morisky v. Broward Co.*, 80 F.3d 445, 447 (11th Cir. 1996)). Plaintiff is unable to meet his prima facie case on all the elements. First, he has failed to prove that he has a disability. Second, he has not shown that he is a qualified individual. Finally, he cannot prove that he was subjected to discrimination based upon his alleged disability.

A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential function of the employment position that such individual holds or desires." 42 U.S.C. §12114(8). However, a "qualified individual with a disability" is not an "employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. §12114(a). The "illegal use of drugs" is defined in the regulations implementing the ADA as "the use of drugs possession or distribution of which is unlawful under the Controlled Substances Act. . ." 29 C.F.R. §1630.3(a)(2). Cocaine is a Schedule II controlled substance. 21 U.S.C. §812. Plaintiff has tested positive for cocaine use numerous times, and admitted to using cocaine. (Pl.'s Dep at 58-60). Therefore, plaintiff is not covered by the ADA and summary judgment is due to be

5

granted in favor of the defendant on this claim.[2]

**B. Title VII**

Plaintiff also alleges that he was discriminated in violation of Title VII. In the present action, the court's analysis is governed by the familiar, tripartite framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Burdine*, 450 U.S. at 252-53. If the plaintiff successfully establishes a prima facie case, the burden of production shifts to the defendant "to articulate a legitimate, nondiscriminatory reason" for the employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant succeeds in carrying this burden, then the plaintiff must prove that the defendant's articulated reasons are a mere pretext for an unlawful motive, such as race discrimination. *Burdine*, 450 U.S. at 253. A plaintiff's prima facie case coupled with sufficient evidence to allow a factfinder to disbelieve the employer's proffered explanation for its actions is enough to preclude entry of judgment as a matter of law. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1529 (11th Cir. 1997); *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997). At all times, the plaintiff bears the burden of persuasion on the ultimate question of whether the defendant acted with an unlawful motive. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

To show a prima facie case of race discrimination and create an inference of discrimination, plaintiff must show (1) that he belonged to a racial minority, (2) that he was

---

[2]Furthermore, even if the court did not find that plaintiff was excluded from the ADA due to his drug addiction being the reason for his "medical hold" from his job, plaintiff has failed to provide any evidence to the court that his back problem is a disability as defined by the ADA.

subjected to an adverse job action, (3) that similarly situated employees outside of the protected group were treated more favorably, and (4) that he was qualified to do the job. *Jones v. Bessemer Carraway Medical Center*, 137 F.3d 1306, 1310 (11th Cir. 1998).

Plaintiff is an African-American, therefore, he has satisfied the first element of the prima facie case. As to the second element, Plaintiff is unable to establish that he was subjected to an adverse job action. He has not been terminated from his job, but has been placed on "medical hold." But, assuming that placing plaintiff on "medical hold," while he is allowed to go to rehabilitation to conquer his drug addiction, is considered an adverse job action, he is still unable to establish the third element. Plaintiff has failed to provide this court with any evidence that similarly situated employees outside of the protected group were treated more favorably. Therefore, plaintiff has failed to meet his prima facie case for race discrimination.

Assuming that plaintiff had met his prima facie case, the defendant would be required to produce a legitimate non-discriminatory reason for the action of which plaintiff complains. The defendant has stated that it placed plaintiff on "medical hold" due to his drug addiction and numerous positive drug screens, and that this is company policy. Plaintiff has failed to rebut the legitimate nondiscriminatory reasons proferred by the defendant for placing him on medical leave. Thus, defendant is due summary judgment on the Title VII claim.

## IV. CONCLUSION

Based upon the foregoing conclusions, the defendant's Motion for Summary Judgment is due to be granted. An Order granting the Motion will be entered contemporaneously herewith.

**DONE** this 26th day of January, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge